U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

FEB 23 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Cashman Equipment Corp.                           Civil Action No. 14-03306

versus                                            Judge Richard T. Haik, Sr.

Permanent Workers, LLC, et al                     Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is Plaintiff, Cashman Equipment Corporation's ("Cashman"), Motion For Remand [Rec. Doc. 13] and Defendants, American Interstate Insurance Company ("AIIC") and Permanent Workers, LLC's ("Permanent Workers"), Opposition thereto [Rec. Doc. 16]. For the reasons that follow, Plaintiff's motion will be granted.

### I. Background

Plaintiff filed this action in the Sixteenth Judicial District Court, St. Mary Parish, Louisiana, seeking a declaration as to the enforceablility of Plaintiff's indemnity agreement with Permanent Workers. Plaintiff's declaratory judgment action arises from an alleged injury sustained on or about January 28, 2012 by Kenneth McDonald, a Permanent Workers laborer who was working at Plaintiff's facility in Amelia, Louisiana. Permanent Workers, through its insurer, AIIC, paid McDonald's Longshore and Harbor Workers' Compensation Act ("LHWCA") medical and indemnity benefits. Subsequently, AIIC made demand upon Plaintiff and initiated an LHWCA administrative proceeding seeking reimbursement of all benefits paid to McDonald, as well as a finding that Plaintiff was McDonald's borrowing employer and liable for all future LHWCA benefits that may be owed. On November 19,

2014, Defendants, AIIC and Permanent Workers, filed a Notice of Removal in this Court on the basis of diversity jurisdiction and federal question jurisdiction under the LHWCA. *R. 1.*

## II. Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir.1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir.2000).

## III. Analysis

Plaintiff moves to remand this action to state court, asserting that diversity jurisdiction is not a proper basis for removal in this matter pursuant to 28 U.S.C. § 1441(b)(2) and the resolution of Plaintiff's contractual claims is determined by Louisiana State Law and does not involve the LHWCA, nor any Federal Statute. Defendants do not contest that diversity jurisdiction does not exist. Instead, Defendants argue that the LHWCA administrative law judge ("ALJ") will determine whether Plaintiff should be considered McDonald's borrowing employer and because this issue "is so clearly federal in nature" there is no question that the Court has jurisdiction under 28 U.S.C. 1331—federal question. Defendants further note that

the Court must have federal question jurisdiction because Plaintiff used the term "LHWCA ... no less than 16 different times." Finally, Defendants argue that because "an LHWCA issue is the core of this case," the Court should decide the contractual issues under pendant or supplemental jurisdiction.

Here, Plaintiff's Petition seeks only a declaration as to the enforceability of an indemnity agreement and a waiver of subrogation. Plaintiff does not seek resolution of any issues related to the application or interpretation of the LHWCA. While resolution of the indemnity agreement will determine who ultimately pays LHWCA benefits to McDonald, it will have no impact on the LHWCA hearing or the ALJ's ruling. Indeed, the jurisprudence is clear that such "contractual issues ... are beyond the scope of the authority granted to the LHWCA administrative tribunals." *Temporary Employment Services v. Trinity Marine Group, Inc.*, 261 F.3d 456, 459 (5th Cir. 2001). The Court finds that Defendants have failed to meet their burden of establishing the facts necessary to show that federal jurisdiction exists.

Accordingly,

**IT IS ORDERED** that Plaintiff, Cashman Equipment Corporation's, Motion For Remand [Rec. Doc. 13] is **GRANTED** and this action is **REMANDED** to the Sixteenth Judicial District Court, St. Mary Parish.

**THUS DONE AND SIGNED** this 20th day of February, 2015 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge